|  |  |
|---|---|
| 1 | MICHAEL J. SULLIVAN (SBN 264695) |
| 2 | LAW OFFICE OF MICHAEL J. SULLIVAN |
|   | 111 N. Market St., Suite 300 |
| 3 | San Jose, CA 95113 |
|   | Telephone: (408) 628-8882 |
| 4 | Facsimile: (408) 625-1148 |
|   | E-mail: msullivan@mikesullivanlaw.com |
| 5 |  |
| 6 | Attorney for Plaintiff |
|   | FOUNTAIN, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| FOUNTAIN, INC., a California corporation, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 9,077,877** |
| vs. | ) ) | |
| AMAZON.COM, INC., a Washington corporation doing business in California as AMAZON.COM LLC; AFAITH; AIRTECH RESEARCH; ATIAN DIRECT; BAOLING YAO; CARBON WIEL; CLOVER SHOP; COOLAND; DENKON; DIXIE DIVERS; DRAGONWARRIER; EAETECH; EEEKIT; ELECBIZZ; EMAXMALL; EVOPLUS DIRECT; EXPLORE YOUR WORLD; FINEGOOD; FLUXFOOTAGE; FOSHENG FENG; GOODDAYSTORE; HOPEZONE; HOTZZZ; IGEARS-STORE; ITSCAMERA(SMARTTMALL); ITTRUE TECH; J2BSHOP; JGMAX; JIAJIASHOPUS; JIALE; JINSUN-GLOBAL; LHY ELECTRONICS; LINPIAO STORE; MAKETHEONE; MANKEYKING; MAXSYNC; MINI WORLD; NEOMARK; ONBOARD-TV; PANGSHIONLINE; POMBO; RED-DOOR; SENHAI; SEVEN SEAS TRADING; SEVEN WOLF; SHINEDA OFFICIAL; SHOP 709 CORP.; SIKIO; SIRINAN SAENSUK; SKYGRAND; SOFT DIGITS; SOUKEDUS; SPIDEER | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |

MARKET; STOR MUSUB; SUNWIZE LLC; TELESIN; TOOPOOT; TSZYMALL; WHITESHOPS; Y.E.S SHOP; ZHAOSF; ZHUHAI CITY XIANGZHOU YIHUICHENG DIANZI SHANGHANG; ZHAO TIEZHU,

      Defendants.

Plaintiff Fountain, Inc., by its attorney, for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

3. Personal jurisdiction over the Defendants is proper in this judicial district because, on information and belief, each of the Defendants has committed numerous acts of infringement in this judicial district.

## PARTIES

4. Plaintiff Fountain, Inc. is a California corporation with its principal place of business at 6145 Shoup Avenue, #58, Woodland Hills, California 91367.

5. On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Washington corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109 and does business in California as Amazon.com LLC. Amazon operates a website at www.amazon.com (its "Website").

6. On information and belief, each of the other Defendants is a seller on Amazon's Website. These other Defendants are AFAITH, AirTech Research, ATian Direct, Baoling Yao, Carbon Wiel, Clover Shop, Cooland, Denkon, Dixie Divers, dragonwarrier, EAETECH, EEEKit, elecbizz, emaxmall, Evoplus Direct, Explore Your World, FineGood, FluxFootage,

Fosheng Feng, GoodDayStore, Hopezone, hotzzz, iGears-Store, ItsCamera(SmartTmall), ITTRue Tech, J2Bshop, JGmax, jiajiashopus, JiaLe, jinSun-Global, LHY Electronics, Linpiao Store, MakeTheOne, Mankeyking, Maxsync, mini world, Neomark, Onboard-TV, pangshionline, Pombo, Red-Door, SENHAI, Seven Seas Trading, SEVEN WOLF, Shineda Official, Shop 709 Corp., SIKIO, sirinan saensuk, SkyGrand, Soft Digits, Soukedus, Spideer Market, stor musub, Sunwize LLC, TELESIN, TOOPOOT, TSZYmall, Whiteshops, Y.E.S shop, zhaosf, ZhuHai City XiangZhou Yihuicheng Dianzi Shanghang, and zhao tiezhu (each of these Defendants, an "Amazon Seller Defendant," and collectively, the "Amazon Seller Defendants"). The name given for each of the Amazon Seller Defendants is the username by which such Defendant is known on Amazon's Website. Amazon does not provide any information on the actual identity of sellers on its Website which might allow the real persons or companies behind such sellers' usernames to be identified and contacted. As further described below, Amazon has not responded to Plaintiff's repeated complaints of infringement by sellers on Amazon's Website and requests for such parties' contact information. Therefore, Plaintiff sues the Amazon Seller Defendants according to their usernames listed on Amazon's Website. Upon learning the proper names of the Amazon Seller Defendants, Plaintiff will amend the complaint.

## BACKGROUND

7.      On July 7, 2015, U.S. Patent No. 9,077,877 ("the '877 patent") entitled "Active Headwear for Detachably Mounting an Imaging Device" was duly and legally issued to named inventor Thomas Lee Fountain, with an assignment recorded to Fountain, Inc., which still owns the rights, title, and interest to the '877 patent. A copy of the '877 patent is attached as Plaintiff's Exhibit 1.

8.      Fountain, Inc. has manufactured and sold, and continues to manufacture and sell, the Octomask, a product line of diving masks designed to be attached to a camera, such as a GoPro, using the technology claimed in the '877 patent.

1    9.    On July 28, 2015, Plaintiff's counsel contacted Amazon through Amazon's
2    online form for notifying Amazon of intellectual property infringement located at
3    https://www.amazon.com/gp/help/reports/infringement. Plaintiff's notification included a
4    listing of the Amazon Standard Identification Number ("ASIN") for each infringing product
5    sold on Amazon's Website that Plaintiff could identify at that time. Plaintiff's notification
6    additionally requested the contact information for the sellers of the identified infringing
7    products. Although Plaintiff does not have a copy of the data as transmitted through the online
8    form to Amazon, a copy of the text submitted through the form (which text does not contain
9    the separately identified infringing product ASINs) is attached as Plaintiff's Exhibit 2. Plaintiff
10   and its counsel have not received a response to this notification.

11   10.   On September 23, 2015, Plaintiff's counsel mailed a letter to Amazon. A copy of
12   this letter, excluding the letter's original attachments, is attached as Plaintiff's Exhibit 3. This
13   letter follows up on the July 28, 2015 online complaint and additionally requests contact
14   information for three specifically identified infringers. Plaintiff and its counsel have not
15   received a response to this letter.

16   11.   Using Amazon's Website, each of the Amazon Seller Defendants offers for sale
17   and sells one or more diving masks designed to be attached to a camera. Such products (each,
18   an "Accused Device," and collectively, the "Accused Devices") include the following:

19   a.    By Defendant AFAITH, the product associated with ASIN B012TTX2S6
20   b.    By Defendant AirTech Research, the products associated with ASINs
21         B017DSHBWG, B017DT30DE, and B017DSQBY0
22   c.    By Defendant ATian Direct, the product associated with ASIN B00LVDTK0G
23   d.    By Defendant Baoling Yao, the product associated with ASIN B00YAC3UQU
24   e.    By Defendant Carbon Wiel, the product associated with ASIN B015Q103EU
25   f.    By Defendant Clover Shop, the product associated with ASIN B014SQEDUY
26   g.    By Defendant Cooland, the products associated with ASINs B00SJAO4P0,
27         B00OCGM4T8, B00V4YLTNI, B00V4ZNPTS, B00VRTPR2O,

28

COMPLAINT FOR PATENT                          4
INFRINGEMENT

|    |     |                                                                                                          |
|----|-----|----------------------------------------------------------------------------------------------------------|
| 1  |     | B00XM7O96O, B00RUPC45M, B00V50NHDQ, B00RUQTP8U, and                                                      |
| 2  |     | B00RUR2ZA4                                                                                               |
| 3  | h.  | By Defendant Denkon, the products associated with ASINs B011BW9FIS, B011BVX0SU, B011BW4IDA, and B011BWMS5K |
| 5  | i.  | By Defendant Dixie Divers, the product associated with ASIN B00IA7SP5M                                   |
| 6  | j.  | By Defendant dragonwarrior, the products associated with ASINs B00W126Z04 and B00SY84UN8                 |
| 8  | k.  | By Defendant EAETECH, the product associated with ASIN B00VXFO1Q0                                        |
| 9  | l.  | By Defendant EEEKit, the product associated with ASIN B014FABNDS                                         |
| 10 | m.  | By Defendant elecbizz, the product associated with ASIN B0151PNH80                                       |
| 11 | n.  | By Defendant emaxmall, the product associated with ASIN B015VZPGDO                                       |
| 12 | o.  | By Defendant Evoplus Direct, the products associated with ASINs B00Z9QANTI, B013FVRX8C, and B013FVYYDE   |
| 14 | p.  | By Defendant Explore Your World, the products associated with ASINs B00YJE0QEI and B00YJG0OKC            |
| 16 | q.  | By Defendant FineGood, the products associated with ASINs B00YGBWMVE and B00WHOO8XC                       |
| 18 | r.  | By Defendant FluxFootage, the product associated with ASIN B017AQ3NGO                                    |
| 19 | s.  | By Defendant Fosheng Feng, the product associated with ASIN B015A2KWFK                                   |
| 20 | t.  | By Defendant GoodDayStore, the products associated with ASINs B00YJ1PCKY and B00YJ1PL46                  |
| 22 | u.  | By Defendant Hopezone, the product associated with ASIN B010AY6S3S                                       |
| 23 | v.  | By Defendant hotzzz, the product associated with ASIN B016ZQW4GU                                         |
| 24 | w.  | By Defendant iGears-Store, the products associated with ASINs B015649MLC and B01371167E                  |
| 26 | x.  | By Defendant ItsCamera(SmartTmall), the product associated with ASIN B00YU05HJA                          |
| 28 |     |                                                                                                          |

COMPLAINT FOR PATENT INFRINGEMENT                         5

1     y.     By Defendant ITTRue Tech, the product associated with ASIN B015NVU1ZY

2     z.     By Defendant J2Bshop, the product associated with ASIN B011GOWLSC

3     aa.     By Defendant JGmax, the product associated with ASIN B011709MPK

4     bb.     By Defendant jiajiashopus, the products associated with ASINs B0154AARZI

5     and B0154AAVE0

6     cc.     By Defendant JiaLe, the products associated with ASINs B00WHKRH16 and

7     B00WJ7IROS

8     dd.     By Defendant jinSun-Global, the product associated with ASIN B015KNA682

9     ee.     By Defendant LHY Electronics, the product associated with ASIN

10     B015CIAHHU

11     ff.     By Defendant Linpiao Store, the products associated with ASINs B013FODGRQ

12     and B013FODJ8M

13     gg.     By Defendant MakeTheOne, the product associated with ASIN B016I67HM8

14     hh.     By Defendant Mankeyking, the product associated with ASIN B00XKZK4GW

15     ii.     By Defendant Maxsync, the products associated with ASINs B011KA3YME and

16     B011KA42OI

17     jj.     By Defendant mini world, the product associated with ASIN B00ZFANS8Q

18     kk.     By Defendant Neomark, the products associated with ASINs B00W4OAPNM

19     and B011U6I03G

20     ll.     By Defendant Onboard-TV, the products associated with ASINs B00YQDFAD4,

21     B00YQDYN78, B00YSSL0F4, B00YQD2OZ6, B00XAG3LCA, and

22     B00YSS66EY

23     mm.     By Defendant pangshionline, the product associated with ASIN B00XL5XD3W

24     nn.     By Defendant Pombo, the products associated with ASINs B00XHSR5PU,

25     B00XJA45H2, and B00XJAG476

26     oo.     By Defendant Red-Door, the products associated with ASINs B013I6Q0AG and

27     B013I6Q1PU

28

1    pp.    By Defendant SENHAI, the product associated with ASIN B00WG8PN06

2    qq.    By Defendant Seven Seas Trading, the products associated with ASINs
3           B00PJY0KQG and B00PJYBWGS

4    rr.    By Defendant SEVEN WOLF, the product associated with ASIN B00XL23CH2

5    ss.    By Defendant Shineda Official, the product associated with ASIN
6           B00W5BD0ZE

7    tt.    By Defendant Shop 709 Corp., the product associated with ASIN B00J0K7112

8    uu.    By Defendant SIKIO, the product associated with ASIN B00VHE0KK8

9    vv.    By Defendant sirinan saensuk, the product associated with ASIN B01332ZJNE

10   ww.    By Defendant SkyGrand, the products associated with ASINs B015B61WU4,
11          B018RURNZE, B015B61WWW, B015B61WYK, B014ZW6TMQ,
12          B014ZW6TNK, and B014ZW6TOE

13   xx.    By Defendant Soft Digits, the product associated with ASIN B00W71X5R0

14   yy.    By Defendant Soukedus, the product associated with ASIN B0168JVFY6

15   zz.    By Defendant Spideer Market, the products associated with ASINs
16          B00XDQANTQ and B00XDQAOK4

17   aaa.   By Defendant stor musub, the product associated with ASIN B00Y4G9V6A

18   bbb.   By Defendant Sunwize LLC, the products associated with ASINs B010LK6VX8,
19          B010LHXQ0W, B010LHXZ9O, and B010LHXTE0

20   ccc.   By Defendant TELESIN, the products associated with ASINs B00XX37TRI,
21          B00XX37VOO, B00XVXVQQK, and B010UDS30A

22   ddd.   By Defendant TOOPOOT, the product associated with ASIN B0140H6ODU

23   eee.   By Defendant TSZYmall, the product associated with ASIN B00XJGRNG6

24   fff.   By Defendant Whiteshops, the product associated with ASIN B0100TYJZM

25   ggg.   By Defendant Y.E.S shop, the product associated with ASIN B00YY86D1E

26   hhh.   By Defendant zhaosf, the products associated with ASINs B01269F9YO,
27          B0126BGW16, and B0100TYGXC

28

      iii.    By Defendant ZhuHai City XiangZhou Yihuicheng Dianzi Shanghang, the products associated with ASINs B015NVS872, B015NVS9N0, and B015NVS4QM

      jjj.    By Defendant zhao tiezhu, the products associated with ASINs B00ZCCACAY and B00ZCCAHGI

12. On information and belief, most of the Accused Devices are imported into the United States instead of being manufactured in the United States.

13. Each Accused Device is described by one or more claims of the '877 patent. Therefore, the unauthorized making, use, offering to sell, and selling within the United States, and the importation into the United States, of each Accused Device is an infringement of the '877 patent.

14. On information and belief, Amazon manages and controls the products that can be offered for sale and sold through its Website. On information and belief, Amazon has the ability to swiftly remove any product listing from its Website, including listings for products that cannot lawfully be sold in the United States, and has previously promptly removed many product listings from its Website for the reason that such products cannot lawfully be sold in the United States.

15. On information and belief, Amazon manages and controls which parties can offer to sell and sell products through its Website. On information and belief, Amazon has the ability to swiftly prevent any party from selling products through its Website, including for the reason that a seller is violating United States law, and has previously promptly prevented many parties from making continued illegal sales through its Website.

16. On information and belief, Amazon uses a variety of incentives and methods to encourage third parties to sell products on its Website. On information and belief, Amazon has encouraged the Amazon Seller Defendants to offer for sale and sell the Accused Devices using its Website.

17. On information and belief, Amazon has profited and continues to profit from sales of the Accused Devices using its Website, as each seller on Amazon's Website must pay Amazon a fee for each sale the seller makes through the Website.

18. On information and belief, despite actual receipt of Plaintiff's July 28, 2015 and September 23, 2015 communications and knowledge of those communications' contents, Amazon has continued to allow and profit from sales of the Accused Devices by the Amazon Seller Defendants. On information and belief, Amazon chose to ignore Plaintiff's contentions that infringing products are being sold on its Website because it receives profits from the sales of those infringing products, including the Accused Devices.

19. Joinder of Defendants in this action is proper pursuant to Fed. R. Civ. P. 20 because, on information and belief, one or more products infringing the '877 patent has been offered for sale and/or sold by each of the Amazon Seller Defendants through Amazon's Website in cooperation with Amazon, which cooperation includes (i) Amazon's advertising the Accused Devices as available for sale and providing a mechanism for consumers to purchase the Accused Devices from the Amazon Seller Defendants, (ii) Amazon's shielding of the true identities of the Amazon Seller Defendants from public inspection despite complaint that such Amazon Seller Defendants are violating United States law, and (iii) Amazon's allowance of continued sales of the Accused Devices by the Amazon Seller Defendants despite being repeatedly informed of the '877 patent. Therefore, the right to relief asserted in this action against Amazon and the Amazon Seller Defendants arises out of a common series of transactions, with each transaction requiring the services of at least Amazon in advertising an Accused Device and an Amazon Seller Defendant in selling the Accused Device, and therefore questions of law and fact common to all Defendants will arise in this action.

**CLAIM FOR RELIEF AGAINST AMAZON SELLER DEFENDANTS**

20. Fountain, Inc. incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

21. The Amazon Seller Defendants have each infringed upon the rights of Fountain, Inc.'s '877 patent by making, offering to sell, selling, and/or importing into the United States the Accused Device(s) listed next to the Defendant's name in Paragraph 11 above. Each of the Accused Devices falls within the scope of one or more claims of the '877 patent. On information and belief, the Accused Devices have been and are offered for sale and sold to customers who resell and/or use the Accused Devices throughout the United States, including in the State of California, including in this judicial district.

22. The Amazon Seller Defendants' acts in making, offering to sell, selling, and/or importing into the United States the Accused Devices infringe, induce others to infringe, and/or contributorily infringe the claims of the '877 patent under 35 U.S.C. § 271 without authority to do so.

23. On information and belief, at least some of the Amazon Seller Defendants have infringed the '877 patent willfully, deliberately and in conscious disregard of Fountain, Inc.'s rights. By making, offering to sell, selling, and/or importing into the United States the Accused Devices, these Amazon Seller Defendants presumptively knew or should have known that Fountain, Inc. had patent rights infringed by the Accused Devices.

24. Fountain, Inc. has suffered damages, including loss of sales and profits, as a result of the Amazon Seller Defendants' infringing activities.

25. As a result of the Amazon Seller Defendants' infringing activities, Fountain, Inc. has suffered and will continue to suffer irreparable injury, unless the Amazon Seller Defendants are permanently enjoined by this Court.

### CLAIM FOR RELIEF AGAINST AMAZON

26. Fountain, Inc. incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

27. Amazon has infringed upon the rights of Fountain, Inc.'s '877 patent by offering to sell, selling, and/or aiding and abetting the Amazon Seller Defendants in offering to sell and selling the Accused Devices. Each of the Accused Devices falls within the scope of one or

more claims of the '877 patent. On information and belief, the Accused Devices have been and are offered for sale and sold to customers who resell and/or use the Accused Devices throughout the United States, including in the State of California, including in this judicial district.

28.     Amazon's acts in offering to sell, selling, and/or aiding and abetting the Amazon Seller Defendants in offering to sell and selling the Accused Devices infringe and/or induce others to infringe the claims of the '877 patent under 35 U.S.C. § 271 without authority to do so.

29.     On information and belief, Amazon's actions have been willful, deliberate and in conscious disregard of Fountain, Inc.'s rights. By offering to sell, selling, and/or aiding and abetting the Amazon Seller Defendants in offering to sell and selling the Accused Devices, Amazon knew or should have known that Fountain, Inc. had patent rights infringed by the Accused Devices.

30.     Fountain, Inc. has suffered damages, including loss of sales and profits, as a result of Amazon's infringing activities.

31.     As a result of Amazon's infringing activities, Fountain, Inc. has suffered and will continue to suffer irreparable injury, unless Amazon is permanently enjoined by this Court.

32.     This case is exceptional and, therefore, Fountain, Inc. is entitled to an award of its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d).

## DEMAND FOR JUDGMENT

**WHEREFORE,** Fountain, Inc. requests the following relief:

1. A judgment that the Defendants' making, using, offering to sell, selling, importing into the United States, and/or aiding and abetting others to do the foregoing, within the State of California and elsewhere in the United States, the Accused Devices

infringes, actively induces others to infringe, and/or contributorily infringes the '877 patent;

2. A judgment permanently enjoining the Defendants' infringing activities pursuant to 35 U.S.C. § 283;

3. A judgment awarding Fountain, Inc. the damages to which it is entitled for the Defendants' willful acts of infringement complained of herein, including an award of damages and trebling of that award pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

4. A judgment declaring that this case is exceptional and awarding Fountain, Inc. its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d); and

5. Such other further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Fountain, Inc. hereby requests a trial by jury of the issues so triable herein.

Respectfully submitted,

DATED: December 7, 2015

/s/Michael J. Sullivan
Michael J. Sullivan
(SBN 264695)
LAW OFFICE OF MICHAEL J. SULLIVAN
111 N. Market St., Suite 300
San Jose, CA 95113
Telephone: (408) 628-8882
Facsimile: (408) 625-1148
E-mail: msullivan@mikesullivanlaw.com

Attorney for Plaintiff
FOUNTAIN, INC.